JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

12 x CV    4744

MICHAEL FOX,

                                         Plaintiff,        **NOTICE OF REMOVAL**

                    -against-                              Case No. 12 Civ. _____

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE
COMMISSIONER RAYMOND KELLY,
DEPUTY COMMISSIONER WILBER
CHAPMAN, INSPECTOR KATHLEEN
O'REILLY, INSPECTOR DONNA JONES,
LIEUTENANT ROGER LURCH, all being sued in
their individual and professional capacities,

                                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RECEIVED
JUN 18 2012
U.S.D.C. S.D. N.Y.
CASHIERS

**TO:    THE UNITED STATES DISTRICT COURT,
        SOUTHERN DISTRICT OF NEW YORK**

            Defendants the City of New York ("City"), New York City Police Department

("NYPD"), Police Commissioner Raymond Kelly, Inspector Kathleen O'Reilly, Inspector Donna

Jones, and Lieutenant Roger Lurch (collectively "served defendants"), by and through their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby file this

Notice of Removal for the removal of this case from the Supreme Court of the State of New

York, New York county, to the United States District Court for the Southern District of New

York, pursuant to 28 U.S.C. §§ 1441(b) and 1443. In support thereof, defendants respectfully

state as follows:

            1.      On April 23, 2012, an action was commenced in the Supreme Court of the

State of New York, County of New York, under Index No. 152067/2012, naming the above

captioned defendants as parties in this action.

2.     The City and NYPD were served with the Summons and Complaint in the above-entitled action on May 17, 2012.  A copy of the Summons and Compliant is annexed hereto as Exhibit "A."

3.     Commissioner Raymond Kelly was served with the Summons and Complaint in the above-entitled action on May 18, 2012.

4.     Inspector Kathleen O'Reilly was served with the Summons and Complaint in the above-entitled action on May 17, 2012.

5.     Inspector Donna Jones was served with the Summons and Complaint in the above-entitled action on May 17, 2012.

6.     Lieutenant Roger Lurch was served with the Summons and Complaint in the above-entitled action on May 17, 2012.

7.     Upon information and belief, retired Deputy Commissioner Wilbur Chapman has not been properly served as a party to this action.

8.     The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), in that it alleges claims which arise under the Constitution and laws of the United States.

9.     Specifically, the Complaint alleges inter alia, that defendants violated plaintiff's federal civil rights under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  See Ex. "A" ¶¶1, 60-64, 75-79.

10.    This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

11.     This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading placing the City on notice of the plaintiff's federal claims.  See 28 U.S.C. § 1446(b).

12.     Defendants are unaware of any previous application for the relief requested herein.

13.     Defendants will promptly serve a copy of this Notice of Removal on counsel for plaintiff, and will file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending, pursuant to 28 U.S.C. §1446(d).

14.     Defendants reserve all claims and defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
            June 18, 2012

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Served Defendants
                              100 Church Street, Room 2-117
                              New York, New York  10007
                              Tel: (212) 788-0956
                              cswitzer@law.nyc.gov

                         By:  _____
                              Cindy E. Switzer
                              Assistant Corporation Counsel

TO:     Cronin & Byczek, LLP
        Linda M. Cronin, Esq.
        1983 Marcus Ave. Suite C-120
        Lake Success, NY11042

3

Case No. 12 Civ. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL FOX,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE
COMMISSIONER RAYMOND KELLY,
DEPUTY COMMISSIONER WILBER
CHAPMAN, INSPECTOR KATHLEEN
O'REILLY, INSPECTOR DONNA JONES,
LIEUTENANT ROGER LURCH, all being
sued in their individual and professional
capacities,

Defendants

## NOTICE OF REMOVAL

### MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-117
New York, New York.  10007

Of Counsel:  Cindy E. Switzer
Tel:  (212) 788-0956
Matter No. 2012-021659

Due and timely service is hereby admitted.

New York, N.Y.................................................., 20__

.......................................................................... Esq.

Attorney for ...............................................................

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------X
MICHAEL FOX,

                              Plaintiffs,

     -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE
COMMISSIONER RAYMOND KELLY,
DEPUTY COMMISSIONER WILBER CHAPMAN,
INSPECTOR KATHLEEN O'REILLY, INSPECTOR
DONNA JONES, LIEUTENANT ROGER LURCH,
all being sued in their individual and
professional capacities,

                           Defendants.
--------------------------------------X

Index No. 152067/12

Date Index No.
Purchased 4/23/12

SUMMONS

The basis of the venue
designed        is:
Plaintiff's residence

TO THE ABOVE NAMED DEFENDANT(S):

     YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or if the complaint
is not served with the summons, to serve a Notice of Appearance,
on the plaintiff's attorney within twenty (20) days after the
service of this summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York),
and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint:

Dated:    Lake Success, New York
          April 23, 2012

                         Cronin & Byczek, LLP

                         BY:
                         LINDA M. CRONIN, ESQ.
                         Attorneys for Plaintiff
                         1983 Marcus Avenue, Suite C-120
                         Lake Success, NY 11042
                         (516) 358-1700

TO:  See Attached

City of New York
C/o New York City Law Department
100 Church Street
New York, New York  10007

New York City Police Department
1 Police Plaza
New York, New York  10038

Police Commissioner Raymond Kelly
1 Police Plaza
New York, New York  10038

Deputy Commissioner Wilber Chapman
1 Police Plaza
New York, New York  10038

Inspector Kathleen O'Reilly
24th Precinct
151 W. 100 Street
New York, New York  10025

Inspector Donna Jones
1 Police Plaza
New York, New York   10038

Lieutenant Roger Lurch
24th Precinct
151 W. 100 Street
New York, New York  10025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

MICHAEL FOX,

|                                          |                           |
|------------------------------------------|---------------------------|
| Plaintiff,                               | **COMPLAINT**             |
|                                          |                           |
| - against –                              | **JURY TRIAL DEMANDED**   |

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE
COMMISSIONER RAYMOND KELLY,
DEPUTY COMMISSIONER WILBER CHAPMAN,
INSPECTOR KATHLEEN O'REILLY,
INSPECTOR DONNA JONES, LIEUTENANT
ROGER LURCH, all being sued in their
their individual and professional capacities,

                              Defendants.

------------------------------------------------------------------X

        Plaintiff, MICHAEL FOX, ("FOX"), by his attorneys, Cronin & Byczek, LLP,

alleges and avers as follows:

### NATURE OF THE CLAIMS

        1.       This is an action for sexual orientation and gender discrimination

as well as retaliation and unfair gender stereotyping brought against Defendants, pursuant

to the New York State Human Rights Law and New York State Executive Law §§ 296

and 290 et seq. ("NYSHRL") and New York City Administrative Code § 8-107, as well

as under Civil Rights Acts 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as

amended.

        2.       Mr. Fox has filed this action because Defendants discriminated

against him on the basis of his sexual orientation and gender and retaliation for

complaining about same in rescinding his scholarship, unfair evaluations, unfair

disciplines, unfair extension of probationary Sergeant status and effectively stripped him of his authority and responsibilities as a Sergeant in the New York City Police Department and violated his civil rights.

3.      Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff.

## THE PARTIES

4.   That plaintiff, MICHAEL FOX, (hereinafter "FOX" at all times relevant, was an employee of the City of New York, (hereinafter referred to as the "CITY"), more specifically the New York City Police Department (hereinafter referred to as "NYPD").  For the purposes of this litigation Defendant CITY maybe identified interchangeable using CITY or NYPD to identify the employer which is the CITY.

5.      Plaintiff is an openly gay male citizen of the United States of America, and is over 21 years of age, a resident of New York County.

6.      Plaintiff was appointed to the NYPD on August 31, 1998.   Plaintiff was appointed Sergeant on February 25, 2011.

7.      Defendant CITY was and is a municipal corporation duly organized under the laws of the City and State of New York, having its place of business within the City of New York, and including as its function operating, managing and financing the NYPD. Upon information and belief, the NYPD operates under the direct authority of the CITY and is the official CITY agency charged with corrections, housing and rehabilitation of inmates throughout the CITY and maintains control offices at 1 Police Plaza, New York, New York.

8.     Defendant, RAYMOND KELLY, ("KELLY") at all times relevant to this Complaint was the Commissioner of the NYPD, the Chief Executive of the NYPD, and Plaintiffs' superior officer; Defendant, KELLY, is sued herein in his individual and official capacities.

9.     Defendant, KELLY, as the Police Commissioner of NYPD, was the principal administrator of NYPD, employed by the NYPD.

10.    In his capacity as Police Commissioner of the NYPD, KELLY was responsible for the overall policies of the NYPD, including the institution and application of departmental rules, with respect to the administration of detective promotions and investigative track assignments during all times relevant to this complaint.

11.    Defendant, KELLY, at all times relevant herein, was responsible for the conduct of all police personnel operating under his command, including all of the Defendants, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all state, federal and local laws.

12.    Defendant DEPUTY COMMISSIONER WILBER CHAPMAN ("CHAPMAN") was a Deputy Commissioner at all times relevant employed by the New York City Police Department, and a supervisor whose direct supervision included the responsibility for signing off on Plaintiff's scholarship.  At all times relevant, CHAPMAN was the Plaintiffs' superior officer and is sued in his individual and professional capacity.

13.    Defendant INSPECTOR KATHLEEN O'REILLY ("O'REILLY") was an Inspector and Plaintiff's Commanding Officer at the 24th Precinct and at all times relevant employed by the New York City Police Department.  At all times relevant, O'REILLY was the Plaintiffs' superior officer and is sued in her individual and professional capacity.

14.     Defendant INSPECTOR DONNA JONES ("JONES") was an Inspector and at all times relevant employed by the New York City Police Department.   At all times relevant, Defendant JONES was the Plaintiffs' superior officer and is sued in her individual and professional capacity.

15. Defendant, LIEUTENANT ROGER LURCH, (hereinafter referred to as "LURCH") at all times relevant to this Complaint was Plaintiff's Supervisor at the 24th Precinct in what is designated the Manhattan North Command.  Defendant LURCH was responsible for the conduct of all officers operating under his command including but not limited to, all of the individual NYPD defendants, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all State, Federal and Local Laws.  Defendant LURCH is being sued in his official and personal capacity herein.

## PREREQUISITES TO CLAIMS UNDER NYSHRL

16. On or about December 22, 2011, Plaintiff FOX filed a Verified Complaint/Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") with a co-filing in the New York State Division of Human Rights which organization receives and investigates charges of discrimination as set forth by the New York Human Rights Law.

17. Said Complaint charged employment discrimination on behalf of Plaintiff, by the Defendants, because of Plaintiff's sexual orientation and gender and retaliation.

18. On or about January 24, 2012, Plaintiff FOX received a Dismissal and Notice of Rights to sue from the EEOC.  (See Exhibit "A")

## FACTUAL BACKGROUND

19.     Plaintiff is a resident of the State of New York, County of New York and employed by the NYPD since August 31, 1998 to present.

20.     Plaintiff has maintained outstanding evaluations and has a spotless career with no disciplinary charges up to the actions herein.  Plaintiff has received numerous commendations including outstanding attendance.

21.     Plaintiff took the NYPD Sergeants exam and received an excellent test score. Plaintiff was a "Recruit Instructor" in the Police Academy and obtained a Bachelor of Arts in Forensic Psychology and took a Masters Level Course from John Jay College maintaining a Grade Point Average of 3.8 and 4.0 respectively while working full-time as a Police Officer.

22.  On January 11, 2011, pursuant to NYPD Bulletin No. 45" NYPD 2011 Traditional Scholarship Program dated November 10, 2011, Plaintiff applied for the "Hunter College-Masters in Urban Affairs Scholarship (Fall 2011)".

23.  Plaintiff more than met the qualifications as he had an outstanding academic and law enforcement record. As can be seen by a review of his application, his references were also outstanding.

24. The scholarship qualifications required that the applicant be a uniformed NYPD member of the service and have a 3.0 Grade Point Average, (for which he had a 4.0), and "a record of at least 3 years of positive service with the Department," Plaintiff attached the last 4 years of Annual Evaluations which evidence Plaintiff receiving nearly perfect scores for

the prior <u>four</u> years. Specifically, out of a possible 5.0, Plaintiff received a 5.0 for 2007,

2009 and 2010 and a 4.5 for 2008.

25.     On February 25, 2011, Plaintiff's record was further enhanced when he was

appointed a Sergeant within the NYPD.

26.     Initially, Plaintiff was assigned to work during his Probationary Sergeant's

period of time to the 24th Precinct in what is designated the Manhattan North Command.

Plaintiff was assigned to work under a supervisor, Lieutenant Roger Lurch. At that time and

to the present, Plaintiff believes that he was the only openly gay male in Lt. Lurch's platoon.

Further, Plaintiff's believes that both Lt. Lurch and Superior Officer Deputy Commissioner

of Training Chapman are aware that Plaintiff was instrumental in the creation of a

curriculum on transgender issues for NYPD.   Plaintiff as also an outspoken member of the

NYPD fraternal organization for gay members of the service known as G.O.A.L.

27.     Finally, Plaintiff is aware that Lt. Lurch is a defendant in at least one other

case of retaliation for whistle blowing brought by a subordinate. Further, Plaintiff is aware

that Lt. Lurch had a longtime driver, Sgt. Dominick Coppola with whom he was very

friendly, who successfully prosecuted a claim of sexual harassment by gay co-workers at

NYPD.

28.     From the very moment Plaintiff began working for Defendant LURCH on or

about March 7, 2011, Defendant LURCH was hostile and derogatory towards Plaintiff.

Comments included but are not limited to "you're not a real cop" "you belong at a desk";

"in the real world we have to lay hands on people and make arrests"; "if you don't have a

CCRB, IAB log, EEO log or a lawsuit, you're not doing your job!" Further, Defendant

LURCH rolled his eyes and sneered at Plaintiff in disgust when he believed that Plaintiff

was not aggressive or assertive enough in my handling of various police tasks.  There were

several occasions where Plaintiff spoke with his Sergeant's Benevolent Association

delegate, who advised Plaintiff that Plaintiff should speak with other Sergeants about

Defendant LURCH's behavior.  Plaintiff was repeatedly told that he was going through a

"rite of passage" that would pass.

        29.     On numerous occasions Defendant LURCH described Plaintiff as "fearful"

and "a deer caught in headlights" and accused Plaintiff of not getting involved and being

eager to be on the outside.  Yet, for Plaintiff's first several months after being assigned to

the 24th Precinct Plaintiff was very rarely ever allowed to patrol and usually delegated to

desk duty.  Defendant LURCH, an extremely confrontational individual, belittled Plaintiff

for not yelling at, intimidating or being overbearing with his subordinates.  Although

Plaintiff's squad, A2, consistently has performed at the top of the midnight platoon with

their activity since Plaintiff began as their supervisor in March 2011, Defendant LURCH is

constantly finding fault with their activity and lowering the evaluations that Plaintiff gives to

members of his squad.  Defendant LURCH refers to Plaintiff as timid with low to non

existent initiative.  Most egregiously Defendant LURCH has criticized Plaintiff as being

without the mind set to be a supervising police officer.

        30.     Plaintiff has been falsely accused by Defendant LURCH of not responding

to "jobs", responding to the least violent "job" and refusing to take action that might result

in Plaintiff's own injury.   Several of Defendant LURCH's criticisms of Plaintiff on his

evaluation were not based on personal observation and were purely speculative.

        31.     Additionally, Defendant LURCH is deliberately rude, unkind and hostile

towards Plaintiff.  On a particular call, when Plaintiff arrived at the hospital Plaintiff spoke

to hospital personnel and was able to locate the victim/complaining witness. His face had

been slashed and when Plaintiff tried to speak to him about what happened he insisted

that he did not want to speak to the police about the matter or file a complaint. At that

point Plaintiff called the precinct to get the phone number of the night watch so that

Plaintiff could notify them of his actions. Defendant LURCH answered the phone (he

was on the desk) and proceeded to hang up on Plaintiff. Plaintiff got the phone number

from another police officer, called the night watch and made the required notification.

32.     On March 16, 2011, Plaintiff witnessed what he believed to be a serious

case of excessive force on a handcuffed prisoner by Defendant LURCH. Although

Plaintiff did not specifically indicate that he would be filing a complaint against

Defendant LURCH for the incident, Plaintiff's disdain was omnipresent. Plaintiff filed a

complaint against Defendant LURCH and believes that Defendant LURCH again views

this as Plaintiff's stereotypical weakness as an openly gay male.

33.     There were numerous incidents of hostility and efforts to under mind

Plaintiff during the first four months of his probationary period. Defendant LURCH as

Plaintiff's direct supervisor was responsible for Plaintiff's evaluation which was

completed on July 7, 2011. The evaluation was incompetent with a recommendation that

Plaintiff's probation be extended. Plaintiff believes the negative evaluation was entirely

a result of Defendant LURCH's discriminatory animus towards Plaintiff because he is

openly gay.

34.     Plaintiff immediately attempted to appeal his evaluation as it was the first

negative evaluation Plaintiff had received in 13 years with the Police Department.

Defendant O'REILLY and Plaintiff spoke on July 7, 2011 and she advised Plaintiff that

his rating and evaluation would remain unchanged and that since Plaintiff was on

probation, there was no way to appeal it.  Defendant O'REILLY, however, informed

Plaintiff that she was aware of Defendant LURCH's "deficiencies", and that she was

concerned about what Plaintiff told her about Defendant LURCH's general hostility from

the very beginning and his unwillingness to be helpful to Plaintiff in any way, hanging up

on Plaintiff when he would call for help, etc., yet the evaluation would stay the same.

Further, Defendant O'REILLY seemed to infer that higher powers than she were

dictating Plaintiff's evaluation.

35.     Defendant O'REILLY called Plaintiff on July 29, 2011 to tell Plaintiff that

his scholarship had been rescinded, due to Plaintiff's negative evaluation.  Plaintiff was in

shock and told her that the evaluation was biased and unfair and due to Defendant

LURCH's hostility towards Plaintiff.  Plaintiff reminded her that over the course of his

thirteen year career with the Police Department, his ratings averaged 4.5 to 5.0 which is

considered the highest rating in the department and were excellent.  Defendant

O'REILLY told Plaintiff that his past evaluations had no relevance, and that his first

evaluation as a Sergeant by Defendant LURCH was the only thing that was meaningful to

her.  Defendant O'REILLY also informed Plaintiff that she had also applied for a

scholarship during the same cycle, which Plaintiff had applied to Hunter and was

extremely upset that the scholarship that she had applied for was given to someone else.

She also told Plaintiff that she had called her friend Inspector Donna Jones at Personnel

to tell her that Plaintiff should not be sent to a "good assignment" when he had completed

his scholarship.  She told Plaintiff that Inspector Jones then set things in motion by

calling Deputy Commissioner Chapman, who finally had Plaintiff's scholarship revoked.

36.     Additionally, Defendant LURCH exhibited his hostility towards Plaintiff by refusing to help, teach, train, or advise Plaintiff as a new Sergeant.  When Defendant LURCH asked Plaintiff to do a warrant check, Plaintiff explained to him that this was something that had not been taught during the Sergeant's Leadership Course at the Academy and would LURCH show Plaintiff how to do it. Defendant LURCH's response was that his job was not to train or teach Plaintiff – only to supervise Plaintiff. Defendant LURCH insisted that Plaintiff do the warrant check. A civilian employee of the police department (P.A.A.) was kind enough to show Plaintiff how to do the warrant check, but not before Defendant LURCH berated and humiliated Plaintiff in front of several civilian employees.

37.     Defendant LURCH never provided Plaintiff with any guidance or training during his probationary period of time. Not once did Defendant LURCH take Plaintiff out in a car to show Plaintiff the precinct. At no time did Defendant LURCH ever train or assist Plaintiff in any of the administrative functions of running the command. At no time did Defendant LURCH train Plaintiff in how to use the many computer functions needed when working inside the station house.   Upon information and belief, it is not only routine for a Lieutenant to "guide and mentor" as well as train a probationary Sergeant; Defendant LURCH did so with other heterosexual probationary Sergeants.  Additionally, every day that Plaintiff requested to take off has been denied, including one week that was an "authorized vacation selection", while other heterosexual Sergeants did not have vacation days or chart days denied.

38.     Plaintiff's scholarship was rescinded despite the fact that on May 2, 2011, Commissioner Kelly approved the NYPD Scholarship Committee's selection and signed off on Plaintiff's award of the Hunter College-Urban Studies Masters Program scholarship.

39.     Pursuant to his selection, Plaintiff along with Deputy Commissioner Wilbur L. Chapman signed and executed the "Scholarship Award Agreement" on May 16, 2011.

40.     NYPD announced in a Department Bulletin Number 29 on June 29, 2011 the recipients of the Scholarship program which list included Plaintiff.

41.     Immediately thereafter, Plaintiff began the process for tuition payment at Hunter College-Masters Program for Urban Studies on June 8, 2011 making monthly tuition payments.

42.     The Scholarship Award requires that Plaintiff pay the tuition directly to the school, maintain good attendance in the program, report any absence, agree to continue with NYPD for 4 years following completion of the program, provide a transcript to NYPD, and forfeit all accruals during the leave of absence and forfeit 10 vacation days. In exchange, NYPD agrees to give Plaintiff 12 months paid leave of absence.

43.     Inexplicably, without explanation and in complete contradiction to the terms and conditions of the contract on August 4, 2011 NYPD revoked the Scholarship. Plaintiff challenged the revocation of his scholarship, to no avail.  Upon information and belief Plaintiff is aware of at least one probationary, female heterosexual Sergeant who did not lose her scholarship despite not serving her Sergeant's probationary period in patrol.

44.     On August 4, 2011, Plaintiff filed a formal complaint with the internal NYPD Office of Equal Employment Opportunity and was interviewed on that date by Detective Greer and Sergeant Soto.  To date and to Plaintiff's knowledge none of his co-workers have

been interviewed to ascertain the veracity of his complaint. Plaintiff believes the failure to investigate his complaint coupled with his failed challenge to the revocation of his scholarship, has exacerbated the hostility between Defendant LURCH and Plaintiff. The hostility has become unbearable and has caused Plaintiff to request a transfer out of the command and/or a tour change so as to avoid interacting with Defendant LURCH, all to no avail.

45.    On December 22, 2011, Plaintiff filed a formal EEOC Complaint with the Federal Government.

46.    On December 28, 2011, attorneys representing Plaintiff requested of NYPD that Plaintiff be transferred away from Defendant LURCH either to another Lieutenant on the midnight tour or to another tour.

47.    On or about January 18, 2012, Plaintiff was called to a disciplinary "Question and Answer" session (GO-15) within the NYPD Internal Affairs Bureau. Plaintiff was being accused of revealing confidential documents; a charge which Plaintiff not only denies but believes was retaliatory in nature for having filed his formal EEOC Complaint with the Federal Government.

48.    On February 11, 2012, Plaintiff received a copy of his evaluation for the rating period of September 15, 2011 through December 20, 2011. Upon information and belief, the Evaluation was completed by Defendant LURCH after the filing of the EEOC. The evaluation was seethingly negative, and contained repeated references to Plaintiff's EEOC activity including the statement that Plaintiff "sought redress by spurious and ad homine in "charges". Further, Defendant LURCH stated that Plaintiff has been "advised of his right and responsibilities insofar as EEO and corruption".

49.     Although Plaintiff repeatedly requested a transfer away from Defendant LURCH, the change in tour was not effective until Defendant LURCH had done a damaging evaluation.

50.     Following the second negative evaluation, Plaintiff inquired of other Lieutenants as to the practice of having the same Lieutenant against whom the subordinate had filed an EEO, evaluate again.  Plaintiff was told that it was most extraordinarily unique for that to occur.

51.     On March 26, 2012, Plaintiff was placed on Level II – Promotion Probation (six month probation extension) Program by Defendant Inspector Donna Jones.

52.     On April 18, 2012 in retaliation for further complaints against Defendants, Plaintiff was involuntarily transferred to the 49th Precinct.  Plaintiff's commute to the 49th Precinct is substantial.

53.     As a result of the aforementioned and the failure of NYPD to take appropriate action concerning Plaintiff's allegations and the unlawful conduct of Defendants, Plaintiff has suffered numerous physical as well as emotional and mental injury.  Plaintiff has been retaliated against, humiliated and has been degraded and belittled and as a result, Plaintiff has suffered the loss of civil rights, emotional distress and loss of income and benefits.  Plaintiff's physical and mental injuries includes but are not limited to:  emotional pain, suffering, inconvenience, loss of enjoyment of life, and generalized anxiety disorder.  Plaintiff has been forced to seek medical attention on a regular basis and have been prescribed various medications.

54. Defendants intentionally engaged in harassing behavior for

the sole purpose of intimating plaintiff and creating a hostile work environment in which

Plaintiff will be ridiculed and disregarded by his subordinates and put in danger of being

brought up on disciplinary charges.

55. Defendant CITY is liable for discriminatory acts taken and hostile work

environment created by its supervisory employees who were acting within the scope of

the authority entrusted to them by Defendant CITY.

56. Defendant CITY through its agents and employees, has actual notice and

knew and or should have known of the discriminatory acts and hostile work environment

engaged in and created by individual Defendants.

57. Defendant CITY through it agents and employees, condoned and tolerated

the discriminatory acts and hostile work environment by failing to take remedial action

against the individual defendants.

58. As a consequence of the foregoing Plaintiff has been subjected to unlawful

discriminatory practices, hostile work environment and retaliation resulting in negative

effects upon his career, income and benefits, loss of income and benefits and he has

sustained serious mental and emotional harm and distress.

59.      Defendants actions were performed willfully, intentionally and with

reckless indifference to Plaintiff's protected rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates, and realleges each and every allegation

contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants' actions as alleged herein were committed under color of State Law and custom and practice of the NYPD.

62. The action of the Defendants acting under color of law, in depriving Plaintiff of his constitutional and civil rights were willful and malicious acts.

63. As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered loss of benefits and privileges of his employment with NYPD, damaged professionally and economically, suffered humiliation as well as emotional pain and suffering.

64. As a consequence of Defendants' unlawful action and conduct, Plaintiff is entitled to damages in the amount of not less than ONE MILLION ($1,000,000.00) DOLLARS, and punitive damages in the amount of not less than ONE MILLION ($1,000,000.00) DOLLARS, and attorneys and expert fees in an amount to be ascertained at the conclusion of this litigation.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST NYPD
AND THE CITY OF NEW YORK UNDER THE NEW YORK CITY
ADMINISTRATIVE CODE § 8-107(1) ET. SEQ. AND
THE NEW YORK CITY HUMAN RIGHTS LAW FOR
RACE DISCRIMINATION**

65. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. The Defendants' treatment of Plaintiff and his complaints based upon

sexual orientation, gender and opposition to discrimination, constitutes discrimination in violation of the New York City Administrative Code § 8-107(1) et. seq. and the New York City Human Rights Law.

67. The aforementioned occurrences were caused by the wrongful, careless, reckless, and intentional acts of the Defendants.

68. Because of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS.  Additionally, Plaintiff seeks ONE MILLION ($1,000,000.00) DOLLARS in punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO NEW YORK STATE EXECUTIVE LAW § 296

69. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70. Based upon the above, the Defendants intentionally and willfully discriminated against the Plaintiff in his employment on account of his sexual orientation, gender and opposition to discriminatory practices, in violation of New York State Executive Law § 296.

71. Even though Defendants were aware of Plaintiff's superior qualifications, no action was taken by them in correcting the discrimination suffered by Plaintiff.

72. Such conduct on the part of the Defendants, without cause or justification, violated the Plaintiff's civil rights guaranteed under the New York State Constitution and the New York State Executive Law § 296.

73. As a result of the Defendants' actions and of the deprivation of Plaintiff's

rights as guaranteed under the New York State Executive Law § 296, the Plaintiff has

suffered economic loss, pain, humiliation, extreme emotional distress.

74. As a result of the wrongful, careless, reckless and intentional acts of the

Defendants, the Plaintiff has been damaged in the amount of ONE MILLION

($1,000,000.00) DOLLARS.  Additionally, Plaintiff seeks ONE MILLION

($1,000,000.00) DOLLARS in punitive damages.

## AS AND FOR AN FOURTH CAUSE OF ACTION
## PURSUANT TO TITLE VII OF THE CIVIL
## RIGHTS ACT AS AMENDED (SEXUAL ORIENTATIONAND
## GENDER DISCRIMINATION)

75. The Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs "1" through "74" with the same force and effect as if fully set forth

herein.

76. Based upon the above, the Plaintiff was discriminated against by Defendants

by being forced to endure continued and repeated discrimination because of his sexual

orientation, gender stereotyping and opposition to discrimination.

77. The Defendants, by and through the conduct of COMMISSIONER

RAYMOND KELLY, DEPUTY COMMISSIONER WILBER CHAPMAN, INSPECTOR

KATHLEEN O'REILLY, INSPECTOR DONNA JONES and LIEUTENANT ROGER

LURCH as well as other unnamed individuals, intentionally and willfully harassed Plaintiff

on account of his sexual orientation, gender stereotyping and opposition to discrimination,

thereby violating Title VII of the Civil Rights Act of 1964 as amended.

78. As a result of the Defendants' conduct, the Plaintiff has suffered economic loss,

pain, humiliation, extreme emotional distress and continues to suffer to this day, and further,

as a result of the Defendants' conduct, the Plaintiff has suffered both professionally and personally.

79.     As a result of the foregoing, the Plaintiffs have been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS.   Additionally, the Plaintiff seeks ONE MILLION ($1,000,000.00) DOLLARS in punitive damages from each of the Defendants.

## JURY TRIAL

80. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

a.   Declare that the aforementioned actions of Defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution, along with all applicable statutes;

b.   As and for Plaintiff's First Claim, grant Plaintiff the sum of ONE MILLION ($1,000,000.00) DOLLARS, along with punitive and exemplary damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

c.   As and for Plaintiff's Second claim, grant Plaintiff the sum of ONE MILLION ($1,000,000.00) DOLLARS along with punitive and exemplary damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

    d.  As and for Plaintiff's Third Claim, grant Plaintiff the sum of ONE MILLION ($1,000,000.00) DOLLARS along with punitive and exemplary damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

    e.  As and for Plaintiff's Fourth Claim, grant Plaintiff the sum of ONE MILLION ($1,000,000.00) DOLLARS along with punitive and exemplary damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

    f.  Grant Plaintiff all costs for this action, including reasonable attorney's fees; and

    g.  Grant Plaintiff such other and further relief as this Court may seem just and proper.

Dated: Lake Success, New York
       April 23, 2012

                Yours, etc.

                CRONIN & BYCZEK, LLP.

                BY: _____
                LINDA M. CRONIN, ESQ.
                Attorneys for Plaintiff
                1983 Marcus Ave., Suite C-120
                Lake Success, NY 11042
                (516) 358-1700

Index No.            Year 20

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

MICHAEL FOX,

Plaintiff

-against-

CITY OF NEW YORK, et al

SUMMONS AND COMPLAINT

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1983 MARCUS AVENUE
SUITE C120
LAKE SUCCESS, NY 11042

(516) 358-1700

To:

Attorney(s) for

Service of a copy of the within                            is hereby admitted

Dated:

Attorney(s) for

**PLEASE TAKE NOTICE**

☒ that the within is a (certified) true copy of a
NOTICE OF entered in the office of the clerk of the within named Court on          20
ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
NOTICE OF          one of the judges of the within named Court,
SETTLEMENT at
on              20      , at          M.

*Check Applicable Box*

Dated:

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1983 MARCUS AVENUE
SUITE C120
LAKE SUCCESS, NY 11042

(516) 358-1700

To:

JS 44C/SDNY
REV. 4/2012

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Fox | City of New York, New York City Police Department, Commissioner Raymond Kelly, Deputy Commissioner Wilber Chapman, Inspector Kathleen O'Reilly, Inspector Donna Jones, and Lieutenant Roger Lurch |
| **ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER** | **ATTORNEYS (IF KNOWN)** |
| CRONIN & BYCZEK, Linda M. Cronin, Esq. <br> 1983 Marcus Avenue, Suite C-120 <br> New York, NY 11042, (516) 358-1700 | MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, Attorney for City Defendants <br> 100 Church Street, Room 2-117, New York, NY 10007, (212) 788-0956 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

Has this or a similar case been previously filed in SDNY at any time? No [X] Yes [ ]   Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

Is this an international arbitration case?   No [X]   Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

|  | TORTS |  |  | ACTIONS UNDER STATUTES |  |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY |  | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY |  | 21 USC 881 | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
|  | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 660 OCCUPATIONAL SAFETY/HEALTH |  | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS |  |  | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT |  |  | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY |  | **PRISONER PETITIONS** | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | **ACTIONS UNDER STATUTES** | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 891 AGRICULTURAL ACTS |
|  | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 892 ECONOMIC STABILIZATION ACT |
|  | [ ] 441 VOTING | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR LITIGATION | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
|  | [X] 442 EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 894 ENERGY ALLOCATION ACT |
| **REAL PROPERTY** | [ ] 443 HOUSING/ ACCOMMODATIONS |  |  | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 444 WELFARE | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** |  | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION |  | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE |  |  |
| [ ] 240 TORTS TO LAND | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) |  | [ ] 465 OTHER IMMIGRATION ACTIONS |  |  |
| [ ] 245 TORT PRODUCT LIABILITY |  |  |  |  |  |
| [ ] 290 ALL OTHER REAL PROPERTY |  |  |  |  |  |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                                **ORIGIN**

☐ 1 Original          ☑ 2a. Removed from    ☐ 3 Remanded from    ☐ 4 Reinstated or    ☐ 5 Transferred from    ☐ 6 Multidistrict    ☐ 7 Appeal to District
    Proceeding              State Court            Appellate Court       Reopened             (Specify District)        Litigation           Judge from
                                                                                                                                             Magistrate Judge
                      ☐ 2b. Removed from                                                                                                      Judgment
                           State Court AND
                           at least one
                           party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*            **BASIS OF JURISDICTION**            ***IF DIVERSITY, INDICATE***
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 FEDERAL QUESTION   ☐ 4 DIVERSITY   ***CITIZENSHIP BELOW.***
                                              (U.S. NOT A PARTY)                   ***(28 USC 1322, 1441)***

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3  [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4  [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)




DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)




DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:




Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
             (DO NOT check either box if this a PRISONER PETITION.)

DATE 06/18/2012   SIGNATURE OF ATTORNEY OF RECORD        ADMITTED TO PRACTICE IN THIS DISTRICT
                                                         [ ] NO
RECEIPT #                                                [x] YES (DATE ADMITTED Mo. 04   Yr. 2001   )
                                                         Attorney Bar Code # 3901824

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)